# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3084 | **DATE** | 8/14/2000 |
| **CASE TITLE** | BLISTEX INC. vs. CIRCLE LABORATORIES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Circle's motion to dismiss for lack of subject matter jurisdiction [7-1] and motion to dismiss for lack of personal jurisdiction, or in the alternative, to transfer venue to the Southern District of Florida [9-1] are denied. Circle is directed to answer the complaint by August 25, 2000. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | 17 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | ED-7 FILED FOR DOCKETING 00 AUG 14 PM 4:18 | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 8/14/2000 date mailed notice | |
| WS | courtroom deputy's initials | | jad mailing deputy initials | |
| | | Date/time received in central Clerk's Office | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BLISTEX INC. | ) | |
| | ) | |
| Plaintiff, | ) | No. 00 C 3084 |
| | ) | |
| v. | ) | Suzanne B. Conlon, Judge |
| | ) | |
| CIRCLE LABORATORIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

AUG 15 2000

## MEMORANDUM OPINION AND ORDER

Blistex Inc. ("Blistex") sues Circle Laboratories, Inc. ("Circle") for a declaration of non-infringement of Circle's United States Patent No. 5,879,693 ("the '693 patent"). Blistex manufactures individually packaged acne wash pads known as "Stri-Dex Facewipes To Go." Circle makes similar products sold as "Pocket Scrubz." Circle moves to dismiss the complaint for lack of subject matter jurisdiction and for lack of personal jurisdiction. In the alternative, Circle moves to transfer the case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404.

## DISCUSSION

### I. SUBJECT MATTER JURISDICTION

Circle argues subject matter jurisdiction does not exist because there is not an actual controversy. The Declaratory Judgment Act, 28 U.S.C. § 2201, provides that a district court may declare the rights and legal obligations of an interested party "[i]n a case of actual controversy." The act enables an accused infringer who is reasonably at legal risk because of an unresolved dispute to obtain judicial resolution of the dispute without waiting for commencement of litigation by the patent owner. BP Chemicals Ltd. v. Union Carbide Corp., 4 F.3d 975, 977 (Fed. Cir. 1993). To find that

an actual controversy exists in the patent context, federal courts commonly require that (1) the plaintiff has a reasonable apprehension of facing an infringement suit based on actions by the patent holder; and (2) action by the plaintiff to produce or prepare to produce an allegedly infringing product. BP Chemicals, 4 F.3d at 978; International Harvester Co. v. John Deere & Co., 623 F.2d 1207, 1210 (7th Cir. 1980).

There is no dispute that Blistex has produced an allegedly infringing product. Rather, Circle argues its actions do not support a reasonable apprehension by Blistex that Circle would sue Blistex for infringement. Circle asserts it has not expressly threatened to sue Blistex and has done nothing aside from offering in a November 9, 1999 letter to license the '693 patent to Blistex. See Compl. Ex. A.[1] Circle relies on Phillips Plastics Corp. v. Kato Hatsujou Kabushiki Kaisha, 57 F.3d 1051 (Fed. Cir. 1995) and Indium Corp. of America v. Semi-Alloys, Inc., 781 F.2d 879 (Fed. Cir. 1985), cases finding that a reasonable apprehension of suit did not exist where the patent holders offered to license their patents to the plaintiffs. Phillips Plastic explained that "[t]he offer of a patent license does not create an actual controversy" and that "[w]hen there are proposed or ongoing license negotiations, a litigation controversy normally does not arise until the negotiations have broken down." Phillips Plastic, 57 F.3d at 1053.

Circle has done more than simply offer to license the '693 patent. The November 1999 letter accuses Blistex of manufacturing an "unlicensed copycat product" and an "unlicensed infringing

---

[1] On a motion to dismiss for lack of subject matter jurisdiction, the court draws all inferences and resolves all ambiguities in the plaintiff's favor and assumes all well-pleaded facts are true. United Transp. Union v. Gateway Western Ry. Co., 78 F.3d 1208, 1210 (7th Cir. 1996). The court may properly consider evidence outside the complaint bearing on the court's jurisdiction. Capitol Leasing Co. v. F.D.I.C., 999 F.2d 188, 191 (7th Cir. 1993); Bowyer v. United States Dep't of Air Force, 875 F.2d 632, 635 (7th Cir. 1989).

product." Id. at 1. The letter asserts that "[i]t is [Circle's] firm opinion that what Blistex has done is an obvious and intentional rip off of Pocket Scrubz" and that "our attorneys strongly believe a jury would agree." Id. at 2. The letter further states that "if a court found [Blistex's] product was an infringement on our patent then Blistex ... could be liable for monetary damages" and cites applicable statutory provisions. Id. at 1. Finally, the letter asserts that retailers carrying Blistex's products could be liable for damages. Id.[2] These accusations support a reasonable apprehension of suit by Circle to enforce its patent. Where the patent holder "has expressly charged a current activity of the plaintiff as an infringement, there is clearly an actual controversy, certainty has rendered apprehension irrelevant, and one need say no more." Arrowhead Indus. Water, Inc. v. Ecolochem, Inc., 846 F.2d 731, 736 (Fed. Cir. 1988); see also Waters Corp. v. Hewlett-Packard Co., 999 F. Supp. 167, 171 (D. Mass. 1998); Infinitech v. Vitrophage, Inc., 842 F. Supp. 332, 335-36 (N.D. Ill. 1994) (finding reasonable apprehension of litigation where defendant's letters to plaintiff repeatedly referred to plaintiff's conduct as infringement). An express threat of litigation by the patent holder is not required. Shell Oil Co. v. Amoco Corp., 970 F.2d 885, 888 (Fed. Cir. 1992); Arrowhead Indus., 846 F.2d at 736. Accordingly, Blistex has demonstrated a reasonable apprehension of suit by Circle sufficient to create an actual controversy.

Circle attempts to skirt a finding of actual controversy by responding in conclusory fashion that it lacks the financial resources to mount a patent infringement suit in federal court. See Wolfe Aff. ¶ 5. Not only is this assertion unsupported by evidence of Circle's financial status, but Circle fails to

---

[2] Circle contends the November 1999 letter is an offer to settle and therefore inadmissible under Federal Rule of Evidence 408. Rule 408 bars the use of offers to settle a claim to establish liability for or invalidity of the claim. Even assuming the letter constituted an offer to settle, Rule 408 is clearly inapplicable, as the letter is not offered to prove the merits of any claim.

3

cite any authority showing that the patent holder's actual ability to sue is a dispositive consideration. A controversy exists where the plaintiff's fear of suit is reasonable. Circle sent Blistex a letter accusing Blistex of infringement, stating that a jury would find infringement, and citing statutory bases for Blistex's liability for damages. Circle did not send Blistex its financial records demonstrating an inability to sue or otherwise indicate that it was bluffing. Moreover, Circle's capacity to sue could change at any moment. Circle could raise revenue by issuing stock or finding a deep-pocket licensee. Circle could also reach a contingent fee arrangement with another attorney. A financially-strapped patent holder cannot threaten alleged infringers with impunity. Those accused of infringement must be able to seek judicial resolution of the dispute so that they may order their affairs accordingly rather than operate in a climate of uncertainty. Arrowhead Indus., 846 F.2d at 735. On the present record, the court concludes an actual controversy exists. Accordingly, the motion to dismiss of lack of subject matter jurisdiction must be denied.

## II. PERSONAL JURISDICTION

Circle next argues the court lacks personal jurisdiction over it because it is a Florida-based corporation that has no contacts with Illinois. A federal district court may assert personal jurisdiction over non-resident defendants so long as jurisdiction over those defendants is proper under the law of the forum state. Fed. R. Civ. P. 4(e); Jacobs/Kahan & Co. v. Marsh, 740 F.2d 587, 589 (7th Cir.1984). The Illinois long-arm statute governs jurisdiction over non-resident defendants, and its reach extends as far as that permitted by due process. See 735 ILCS § 5/2-209(c); FMC Corp. v. Varanus, 892 F.2d 1308, 1311 n. 5 (7th Cir.1990). Jurisdiction over non-resident defendants is proper in Illinois as long as defendants "purposefully established 'minimum contacts'" with Illinois. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985); Heritage House Restaurants v. Continental Funding, 906 F.2d

276, 282 (7th Cir. 1990). The crux of the minimum contacts analysis is essentially whether it is fair to assert jurisdiction over a non-resident defendant -- whether that defendant could "reasonably anticipate being haled into court" in Illinois. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). This requirement is met where the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities. Burger King, 471 U.S. at 472.

Circle has Illinois contacts sufficient to subject it to personal jurisdiction in Illinois. The court will not recount the entirety of Circle's contacts, but will highlight the most pertinent -- Circle's efforts to sell and promote Pocket Scrubz to Illinois consumers and retailers. From January 1999 through May 2000, Illinois residents could place direct orders for Pocket Scrubz on Circle's website, www.pocketscrubz.com (the order page was eventually removed because it was not profitable). Blistex's Resp. Ex. A. During this time, three Illinois residents purchased Pocket Scrubz over Circle's website. Id. Ex. J. From January 1999 through December 1999, visitors to Circle's website were asked to write letters to retailers requesting that the retailers stock Pocket Scrubz in their stores. For each letter sent, visitors received a box of Pocket Scrubz from Circle. Id. Ex. A. During this time, ten Illinois residents received boxes of Pocket Scrubz from Circle for writing letters. Id. Ex. K.

Moreover, Circle has recently distributed product samples to the Dominick's chain of grocery stores in Illinois. Id. Ex. B. In March and April 1997, Circle distributed free samples of Pocket Scrubz and coupons to approximately 250,000 Illinois public school students. Id. Ex. A. In June 1997, Circle distributed approximately 21,600 samples during a concert in Chicago. The samples included a toll-free telephone number that consumers could call to purchase Pocket Scrubz. Circle placed 20 direct response advertisements for Pocket Scrubz on a Chicago radio station during a two-

week period surrounding the concert. Id. Circle also placed advertisements in Seventeen, a nationally distributed magazine directed toward teen women. Id. Ex. A. Circle received at least seven purchase orders from Illinois residents as a result of the radio and magazine advertisements. Id. Ex. G. Circle also received over 60 requests from Illinois residents for free Pocket Scrubz samples as a result of the magazine ads. Id. Ex. F. In 1999, sales of Pocket Scrubz in Illinois accounted for 9.8% of Circle's total sales; in 2000, Illinois sales have accounted for 45.5% of Circle's total sales. Id. Ex. A.

The direct sale of Pocket Scrubz to Illinois residents and Circle's wide-ranging promotional efforts in Illinois clearly establish Circle's minimum contacts with Illinois. These activities need not be continuing at the present time, and Circle's actual sales to Illinois residents need not be significant. When the cause of action at issue "arises out of or relates to" the defendant's contacts, a court may properly assert personal jurisdiction, even if those contacts are "isolated and sporadic." Burger King, 471 U.S. at 472-73. "In fact, 'even a single act can support jurisdiction,' so long as it creates a 'substantial connection' with the forum, as opposed to an 'attenuated affiliation.'" Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1359 (Fed. Cir. 1998) (quoting Burger King, 471 U.S. at 475 & n. 18). Circle's sales and promotions of Pocket Scrubz in Illinois relate directly to the subject matter of this suit – whether Blistex's "Stri-Dex" line of individually packages acne wash pads infringes the '693 patent upon which Circle's Pocket Scrubz are based. The contacts began in 1997 and have continued through this year. Accordingly, Circle's motion to dismiss for lack of personal jurisdiction must be denied.

### III. TRANSFER

Finally, Circle moves to transfer this case to the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. § 1404. There are three prerequisites to transfer under

6

§1404: (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must be for the convenience of the parties and witnesses, and in the interest of justice. 28 U.S.C. § 1404; Keppen v. Burlington N.R.R. Co., 749 F. Supp. 181, 183 (N.D. Ill. 1991). Venue should be transferred only if there is a clear balance of inconvenience in the transferor district. Sky Valley Ltd. Partnership v. ATX Sky Valley, Ltd., 776 F. Supp. 1271, 1276 (N.D. Ill. 1991). It is Circle's burden to show that the transferee forum is clearly more convenient. Heller Financial, Inc. v. Midwhey Powder Co., Inc., 833 F.2d 1286, 1293 (7th Cir. 1989).

Circle devotes one half-page to its transfer argument. It argues that as a small corporation with a negative net worth, it will be able to defend this case more effectively in the Southern District of Florida. Circle contends Blistex has sufficient resources to litigate the action in Florida. However, Circle makes no showing whatsoever that venue is proper in Florida. Moreover, Circle fails to address other factors relevant to transfer, such as the weight given to the plaintiff's choice of forum, the location of witnesses and evidence, and the primary locus of the events underlying the suit. Accordingly, the conclusory motion for transfer must be denied.

## CONCLUSION

Circle's motions to dismiss and motion to transfer are denied.

ENTER:

Suzanne B. Conlon
United States District Judge

August 14, 2000

7